GONZÁLEZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 322.—Decided July 6, 1917.

POSSESSORY TITLE—RECORD OF TITLE—CIVIL STATUS—GANANCIAL PROPERTY—PRIVATE PROPERTY.—When it appears that the petitioner in a possessory title proceeding was a widower when he filed the petition, but it does not appear that he was a widower when he acquired the right, it cannot be recorded in his favor, for he may have been married when he acquired the right and in that case it might be ganancial property and not private property.

ID.—ID.—ORIGINAL DECISIONS OF COURT—CERTIFIED COPIES.—In order to comply with paragraph 2 of article 392 of the Mortgage Law, which requires that in soliciting the record of a possessory title proceeding the original of the same shall be presented in the registry, it is not necessary that the

original decisions of the court be included in the proceeding presented; but it is sufficient to include certified copies of the same if the said decisions were originally entered in the official books of the court.

ID.—ID.—THIRD PERSONS.—Although good practice requires the court to state in its final decision in a possessory title proceeding that the possession is declared to have been proved ''without prejudice to third persons having better rights,'' the omission of this qualifying clause does not constitute a defect within the provisions of the Mortgage Law, for although not expressed the possession is always understood to be subject to this limitation imposed by the said law.

ID.—ID.—EVIDENCE—FINDING OF FACT.—When the witnesses testify under oath that they are landowners and residents of the place where the property is situated and the court finds that these facts were sufficiently proved in that manner, the registrar should accept such finding of the court.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Proceedings were instituted in the Municipal Court of Barros to prove the possession of eight *cuerdas* of land. The suitor stated in her petition: "Now comes Simona González Pagán, also known as Susana, of age, a widow, engaged in domestic occupations. * * *." And further on: " * * * which property was acquired by purchase from Pedro Dolores Arroyo more than a year ago. * * *." The civil status of the purchaser at the time of the acquisition nowhere appears in the petition or in the record of the proceedings. The original of the order authorizing the prosecution of the proceedings, as well as the original of the final order approving the same, are not included in the record. They are shown by copies certified to by the secretary. The two certificates are alike. Therefore we will copy only the one appearing at the foot of the final order. It reads as follows: "I certify that the foregoing is a true and faithful copy of its original entered in the records of civil judgments of this court and in order that it may form part of the record, I issue this certificate in Barros this 25th day of April, 1917. Pablo Barríos, Secretary of the Municipal Court."

In this form the record was presented in the Registry of Property of Caguas and the registrar refused to record the same for the reasons stated in the following decision:

"Admission to record of the foregoing document is denied because it fails to state the civil status of the petitioner when she purchased the property whose possession she proved while a widow, and because it appears that both the order allowing the prosecution of the proceedings and the order approving the same are copies of their respective originals while the originals, which should have been delivered to the petitioner, are what should be presented in this registry, as required by article 392 of the Mortgage Law. In lieu thereof a cautionary notice has been entered on page 100 of Volume 24 of Barros, property No. 1409, entry A, for a period of one hundred and twenty days, the said notice also assigning the curable defects that the final decision orders the recording of this property without specifying, as required by said article 392, that it is recorded without prejudice to third persons, and that witnesses Bartolo Vargas and Juan Francisco Fontanez have not proved that they are resident landowners of Barros in the manner required by section 2 of article 391 of the said Mortgage Law."

From the foregoing decision the present appeal was taken.

1. The first defect exists. It is shown that the suitor was a widow when she filed the petition instituting the possessory proceedings, but it is not shown that she was a widow when she acquired the right which she seeks to record. She may have been married at the time of the acquisition, in which event community and not separate property might be involved. This court has already passed upon that question in the cases of *Ramos* v. *The Registrar,* 18 P. R. R. 16, and *Delgado* v. *Registrar of Humacao, ante,* p. 450.

2. The second defect is erroneously assigned. Paragraph 2 of article 392 requires that the original record of the proceedings shall be presented in the registry. To comply with that requirement it is not necessary, in our opinion, that the originals of the orders of the court be included in the record, but that certified copies thereof will suffice when, as in this

case, the said orders were entered originally in the official books of the court. A record is sufficient when it is presented in the registry containing, as in the present case, the initiatory petition accompanied by a certificate of the payment of taxes, a certified copy of the order authorizing the prosecution of the proceedings, the citation of the contiguous owners and return of service, the testimony of the witnesses, the report of the *fiscal* and a certified copy of the final order of the court.

3. The failure on the part of the court to insert the words "without prejudice to third persons having better rights" in its final order approving the possessory title does not constitute a defect in the opinion of this court. Of course, the better practice is to follow the precise wording of the statute, but although the court fail to do so, the possessory right is always understood to be "without prejudice to third persons having better rights," as this is a limitation imposed by the said law. Article 392, par. 1, Mortgage Law.

4. Nor was the second curable defect committed. The witnesses testified under oath that they were landowners and residents of Barros, the court considered that these facts were sufficiently proved by their testimony and the registrar must be guided by the finding of the court, as was held by the General Directorate of Registries of Spain on March 8, 1892, and by this court in the cases of Ramos and Delgado, *supra.*

In view of the foregoing, we are of the opinion that the decision appealed from should be affirmed as to the first incurable defect and reversed as to the second and as to the two curable defects.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.